In the Matter of the Claim of AGNES McDONNELL et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 45865.) — STALEY, JR., J. Appeal from an order of the Court of Claims, entered January 22, 1968, which granted a motion for leave to reopen claimants' case for the purpose of presenting newly discovered medical evidence. The claimant, Agnes McDonnell, was injured when she fell on a shuffleboard court at Jones Beach State Park on August 4, 1965. The claimants filed a claim against the State of New York on November 23, 1965 wherein it was alleged that the claimant, Agnes McDonnell, sustained the following injuries: " (1) Contusion severe, right breast, right axillary, and right lower rib areas; (2) Contusion and

abrasion right knee; and (3) Fracture 4th finger right hand, undisplaced." Special damages based on these injuries were also alleged. The same injuries and special damages were set forth in a verified bill of particulars dated December 9, 1965. The claim was tried on October 26 and 27, 1967. In the month of November, 1967 the claimant, Agnes McDonnell, observed a lump developing upon her right breast. An appointment was made with the family doctor and his examination, made on November 30, 1967, revealed a tumor on the right breast which was excised at the Lutheran Hospital on December 4, 1967. On December 15, 1967 the claimants moved to reopen their case. Increased damages, as well as causal relationship, are alleged in the moving affidavits. The motion to reopen the case was made prior to decision and judgment by the court. The State contends that the claimants' moving papers are insufficient to support the granting of the motion since they do not state facts showing that the proposed new evidence could not have been discovered before trial with the exercise of due diligence. In this regard the State argues: " There can be no questaion that the allegedly new evidence was available to the claimant and her doctor at all times prior to trial, and that the failure to produce it at trial was due to a lack of exercise of reasonable diligence on the part of the claimant, as well as her doctor." This is pure speculation since the State submitted no medical evidence on the motion would indicate that if the tumor was discovered in November, about one month after trial, it should have been discovered prior to the trial. The affidavit of Agnes McDonnell states that she discovered the tumor in November, 1967, and that she immediately made an appointment with her family doctor. It is reasonable to assume that, had the tumor been discoverable by her in October, 1967 or earlier, that she would have discovered the same and immediately contacted her doctor as she did in the month of November. The trial court, in its discretion, granted the motion in the interest of justice pursuant to the power and authority vested in the court by subdivision 8 of section 9 of the Court of Claims Act. In our opinion the court did not abuse its discretion and we find no reason to disturb its decision. Order affirmed, wth costs. Gibson, P. J, Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley Jr., J.